UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN WATERS | CIVIL ACTION |
| VERSUS | NO. 05-0200 |
| JO ANNE B. BARNHART<br>COMMISSIONER OF SOCIAL SECURITY<br>ADMINISTRATION | SECTION "N" (3) |

REPORT AND RECOMMENDATION ON
APPLICATION FOR ATTORNEY'S FEES

This case is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.  Considering the Plaintiff's Motion for Attorney's Fees (Rec. Doc. 21), the record and the applicable law, **IT IS RECOMMENDED** that the aforesaid petition be GRANTED IN PART, *i.e.*, in the total amount of **$3,781.25,** for the following reasons.

### I. Nature of the Case

This is an action for judicial review of a decision of defendant, Commissioner of Social Security Administration (Commissioner), denying an application for social security disability benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

### II. Proceedings

On January 25, 2005, the action was commenced by filing a complaint.[1]   The

---

[1] *See* Complaint filed January 25, 2005 [Rec. Doc. 1].

1

Commissioner answered,[2] and the court issued a briefing order.[3]  In his Motion for Summary Judgment plaintiff alleged that the Administrative Law Judge (ALJ) erred in denying plaintiff's application by failing to articulate reasons for rejecting the findings of the treating physician, failing to re-contact the treating physician and misinterpreting the testimony of the Vocational Expert (VE), *inter alia.*[4]  On November 10, 2005, the Commissioner filed a cross-motion for summary judgment and plaintiff filed a formal response memorandum.[5]  On April 3, 2006, the undersigned's report issued recommending that the Commissioner's decision be reversed and the case be remanded for further proceedings.[6]  Sentence four of Section 405(g), Title 42, United States Code, authorizes the court, after considering the pleadings and transcript of the record, to order remand in conjunction with a judgment affirming, modifying or reversing the decision of the Commissioner.  The order of remand constituted a final judgment.[7]

### III. Application for Attorney's Fees

Plaintiff timely filed a petition for attorney's fees pursuant to the Equal Access to Justice Act, codified at 28 U.S.C. § 2412, *et seq*.  Presently before the court is plaintiff's post-judgment Motion for Attorney's Fees filed pursuant to the Equal Access to Justice Act, together with fee

---

[2] Commissioner's Answer filed April 4, 2005 [Rec. Doc. 6].

[3] *See* Order dated May 2, 2005  [Rec. Doc. 8].

[4] *See* Plaintiff's Motion for Summary Judgment filed July 20, 2005 [Rec. Doc. 11].

[5] *See* Commissioner's Cross Motion for Summary Judgment filed November 10, 2005 [Rec. Doc. 12]; Plaintiff's Response Memorandum filed December 16, 2005 [Rec. Doc. 15].

[6] *See* Report and Recommendation filed April 3, 2006 [Rec. Doc. 16]; Order and Judgment in favor of Calvin Waters dated May 26, 2006 [Rec. Doc. 19 and 20].

[7] *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993).

bill in affidavit format and a memorandum of law arguing that an increase in counsel's hourly rate above the statutory cap is appropriate in this case.[8]   Plaintiff requests an award of $5,000.00 in attorney's fees.  This sum consists of 28.25 hours of professional attorney time at $160.00 an hour ($4,520.00) for prosecuting the captioned matter plus 3 hours of professional attorney time at $160.00 an hour ($480.00) for preparing the subject attorney fee application.

Defendant opposed plaintiff's motion to the extent that plaintiff's counsel seeks compensation at a rate well above the EAJA's statutory ceiling ($125.00 per hour) and for excessive hours (*i.e.*, 3 hours) charged in connection with filing the instant fee application.[9]  The court notes that it has a duty to independently examine the reasonableness of the fees requested.[10]

### IV. Standards for Attorney Fee Awards

The Equal Access to Justice Act empowers district courts to award attorney's fees to parties who prevail in litigation against the United States. Pursuant to 28 U.S.C. § 2412(d)(1)(A), attorney fees, costs, and expenses shall be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified or special circumstances make an award unjust.  The statute states:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ⋯ including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[8] *See* Plaintiff's Motion for Attorney's Fees [Rec. Doc. 21]; Order of Reference filed July 6, 2006 [Rec. Doc. 22].

[9] *See* Defendant's Opposition to Plaintiff's Motion for Attorney's Fees [Rec. Doc. 24].

[10] *See, e.g., Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 551 (5th Cir.1987).

28 U.S.C. § 2412(d)(1)(A).

Section 2412(d)(2)(A)(ii) directs that attorney fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. The statute provides that:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii)(2002).

### V. Discussion

When United States district courts remand actions under sentence four of Section 405(g), the plaintiff (claimant) is a prevailing party for EAJA purposes.[11] Consequently, plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court absent special circumstances or a showing that the position of the United States was substantially justified. No special circumstances appear in this case, and the Commissioner has not offered any proof or argument suggesting that the position of the United States was substantially justified. Indeed, the Commissioner has affirmatively indicated no opposition to an award of fees *in accordance with the applicable law*.

Plaintiff's counsel's submissions include a detailed recitation of legal services performed and time required to prosecute this case, totaling 28.25 hours. As discussed below, this amount of time was reasonably necessary to pursue plaintiff's appeal of the Commissioner's unfavorable decision. Counsel also requests compensation at the rate of $160.00 per hour. This rate exceeds

---

[11]*Shalala v. Schaefer*, 509 U.S. at 301.

the statutory maximum and exceeds the customary rate charged/awarded in social security appeals in the Eastern District of Louisiana.

The $125.00 cap was set by Congress in 1996 to increase the prior cap of $75 per hour.[12] In *Knight v. Barnhart*, 2003 WL 21467533 (E. D. La. 2003), the court recited the history of the aforesaid cap, to wit:

> In 1995, the judges in this district sat *en banc* and issued a General Order to address the lack of uniformity in the fees awarded under the EAJA. Per the General Order, the attorney's fees in EAJA cases would be $75 per hour, "conditioned upon the ability of the judge for good cause to increase the amount of attorney's fees awarded to that which is appropriate under the circumstances." *Adams v. Chater,* 914 F.Supp. 1365 1369 (E. D. La. 1995) (*quoting* the General Order). In March, 1996, the EAJA was amended to increase the maximum statutory rate from $75 to $125 per hour. 28 U.S.C § 2412. The Eastern District of Louisiana district judges amended the General Order in 1997, which now provides that in EAJA cases, "the amount of attorney's fees awarded may be $125.00 per hour, conditioned upon a finding by the Judge of good cause to increase the amount of attorney's fees to $125.00 or that which is appropriate under the circumstances." *Lodge v. Apfel,* 2001 WL 637366, *1 (E. D. La. June 8, 2001) (quoting General Order); *see also Hasni*, 2001 WL 128310, *1.[13]

Plaintiff contends that a reasonable hourly fee for Louisiana counsel, F. Brian Spurlock, is $160.00. Plaintiff bears the burden of proving that an increase in the cost of living or a special factor warrants a higher hourly rate.[14]

As proof of the reasonableness of the rates charged, the plaintiff submitted a brief memorandum arguing that the hourly cap should automatically be raised due to the increase in

---

[12]*Knight v. Barnhart*, 2003 WL 21467533, at *2 (E. D. La.) (Vance, J.).

[13]*Id.*

[14]*Id.* (*citing Spencer v. Apfel*, 1998 WL 26484, at *3 (E.D.La. May 21, 1998)); *see also Hall v. Chater,* 50 F.3d 367, 369-70 (5th Cir. 1995) (considering the dual purposes of the EAJA to ensure adequate representation for those who need it and to minimize the cost of representation to tax payers);

the cost of living which has occurred since the EAJA was amended in October, 1996.[15]

Plaintiff's counsel has provided no biographical information, no affidavit addressing rates customarily charged by counsel in this district and not one citation of any case of this ilk prosecuted in the Eastern District of Louisiana in which he or any other attorney was awarded a fee in excess of the statutory cap.

Plaintiff's only argument for exceeding the $125 cap is that an increase in the cost of living has occurred since the EAJA was amended in 1996. However, in *Hall v. Chater*, the Fifth Circuit clarified that a district court is not required to automatically award an amount in excess of the statutory cap based upon cost of living increases.[16] The Fifth Circuit found that the trial judge had not abused his discretion because the statutory cap served to "ensure adequate representation for those who need it and [to] minimize the cost of [ ] representation to tax payers"-the dual purposes of the EAJA.[17] Moreover, the Fifth Circuit recognized the need for uniformity among the judges in the Eastern District of Louisiana when setting attorney fee awards.[18]

Plaintiff has cited no case from this district in which a fee in excess of the $125 cap was awarded. The Court's own research has revealed that $125 per hour remains the "going rate" in

---

[15]*See* Plaintiff's Memorandum of Law at p. 3 (comparing the Consumer Price Index of 155.7 in March, 1996 to the Consumer Price Index of 199.8 in March, 2006 and arguing that this 28% increase, standing alone, warrants a corresponding increase above the statutory cap to $160.00 an hour).

[16]*Hall v. Charter*, 50 F.3d 367, 369 (5th Cir.1995).

[17]*Id.* at 369, 370.

[18]*Id* . at 370.

Eastern District of Louisiana for social security fee awards.[19]   Plaintiff has failed to demonstrate by controlling precedent that an increased cost of living or other special factor in this particular case justifies a higher hourly rate than that specified by statute.  As explained by the court in *Passaro v. Barnhart*, to wit:

> The case cited in support of plaintiff's position, *Baker v. Bowen*, 839 F.2d 1075 (5th Cir.1988), predates the 1996 amendments which raised the statutory rate from $75 to $125 per hour, and in contrast to plaintiff's assertion that *Baker* suggests cost of living increases should be automatic, that case states specifically that "while the statute allows an adjustment for changes in the cost of living, it does not absolutely require it." *Id.* at 1084 (emphasis in original).[20]

Because the statutory hourly rate is a "ceiling and not a floor," increases above the rate should be made only in "rare circumstances."[21]  A significant difference (rise) in the cost of living in a particular locale may justify an increase in the fee but the rule does not require that attorneys' fee awards track the cost-of-living index.  There has been no showing that the market rate for counsel who specialize in social security appeals in this particular district tracks the permutations of the cost of living index from year to year.  Plaintiff points to no "special factor" as contemplated by the statute which would justify a $35 increase above the statutory cap in this particular case.

There is no question about the quality of counsel's professional services in achieving the

---

[19]*See, e.g.*, *Passaro v. Barnhart*, 04-1300, 2005 WL 1432368 (E. D. La. March 27, 2005) (Barbier, J.); *Buras v. Barnhart,* 01-0618, 2004 WL 74315 (E. D. La. Jan. 14, 2004) (Zainey, J.); *Knight v. Barnhart*, 02-1741, 2003 WL 21467533 (E. D. La. June 20, 2003) (Vance, J.); *Jackson v. Barnhart*, 01-1911, 2002 WL 927799 (E. D. La. May 7, 2002) (Barbier, J.); *Bressard v. Barnhart,* 00-0285, 2001 WL 79897 (E. D. La. Jan. 29, 2001) (Barbier, J.).

[20]*Passaro v. Barnhart*, 2005 WL 1432368  (E. D. La. March 27, 2005) (Barbier, J.).

[21]*Baker v. Bowen,*  839 F.2d 1075, 1082 (5th Cir. 1988).

desired result; however, rates should be increased only to the extent necessary to ensure *adequate* representation.  As stated above, the purpose of the applicable provisions of the EAJA is "to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers."[22]  There is no suggestion that an increase in the rate above the statutory cap is or was necessary to ensure an *adequate* source of representation for social security claimants in this district.  Accordingly, the undersigned has determined that an upward adjustment of the hourly rate above the statutory ceiling is not warranted under the particular facts presented in this case.

As previously noted, the undersigned Magistrate Judge has determined that the 28.25 hours of attorney time were reasonably expended on the litigation in light of factors outlined in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  In the instant case, the itemization of time in support of EAJA fees attached to Plaintiff's Petition for Attorneys' Fees can be readily grouped into the following general categories: review of file; preparation of the complaint; review of administrative record; preparation of plaintiff's Motion for Summary Judgment; preparation of plaintiff's Response to Commissioner's Cross-Motion; client communication; and review of communications/pleadings/report/court order/judgment.

It is clearly within this Court's discretion to allow reasonable fees for preparation of the complaint and steps taken initiating the appeal.[23]   A review of the listed hourly activities reveals that the plaintiff seeks payment of fees for time spent reviewing the administrative record, framing issues on appeal, conducting necessary research and drafting Plaintiff's Motion for

---

[22]*Id.*

[23]*O'Neal v. Shalala*, 1995 WL 317311,*1 (E. D. La. May 23, 1995) (Lemelle, J.).

Summary Judgment and Plaintiff's Response to the Commissioner's Cross-Motion. The Court finds that the hours charged for the foregoing legal work are reasonable under the circumstances.

However, the Court finds that the time charged for preparing and filing the instant fee application (3.00 hours) is excessive and that 2.00 hours is reasonable under the circumstances and warranted under the applicable law. Plaintiff's fee application consists of a routine one-page petition, a fee bill in affidavit format, and a three-page memorandum dedicated to securing an increase in the hourly rate in excess of the statutory cap (*i.e.*, an issue upon which plaintiff did not prevail). This Court has reviewed the docket sheet, the record and the time record submitted by plaintiff's counsel and has found no other instance of either failure to exercise billing judgment or failure to excise unproductive time or time not optimally spent.

Applying an hourly rate of $125.00 to 30.25 hours, the plaintiff is entitled reimbursement in the total amount of **$3,781.25**.

## Recommendation

Plaintiff's application for attorney's fees should be GRANTED IN PART. The court should order the Commissioner of Social Security to pay counsel for plaintiff fees, costs and expenses under the Equal Access to Justice Act in the total amount of **$3,781.25**.

## Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

New Orleans, Louisiana, this  22nd  day of August, 2006.

*[signature]*
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE